Sharon J. Arkin, SBN 154858
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, California  92660
(949) 720-1288, FAX (949) 720-1292

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| MARK PERRY, individually and as successor in interest to the Estate of Kristen Perry,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>The MEGA Life and Health Insurance Company, an Oklahoma corporation, UICI, a Delaware Corporation, JACK LEE MORTENSEN, a California citizen, and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | CASE NO.  C-02-01007-RMW (ARB)<br>RELATED CASE NO. C-02-20542-RMW<br><br>**AMENDED**<br>**NOTICE OF MOTION AND MOTION**<br>**TO REMAND ACTION;**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES**<br><br>Date:　　May 24, 2002<br>Time:　　9:00 a.m.<br>Ctrm:　　6 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **May 24, 2002** at **9:00 a.m.**, in **Courtroom 6** of

the above-entitled court located at 280 S. First Street, #2112, San Jose, California, plaintiff

will, and hereby does, move the Court for an order remanding this action to the Superior

Court, State of California on the grounds that it was improvidently removed in that diversity

jurisdiction does not exist.

　　　　Plaintiff's motion will be based on this Notice of Motion, the attached Memorandum

of Points and Authorities, all papers, pleadings and records on file in this action and on such

1

1  other and further argument and evidence as may be presented.

2  Dated: April 16, 2002                    ROBINSON, CALCAGNIE & ROBINSON

3

4                                     By:_____
                                          SHARON J. ARKIN
5                                         Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.

### INTRODUCTION

This is an insurance bad faith and agent negligence action arising from the insurer's denial of payment for hospital and medical care rendered to Kristen Perry, the deceased wife of plaintiff MARK PERRY.  After Kristen - a young mother of three girls - suffered multiple-organ failure, her medical insurer, THE MEGA LIFE AND HEALTH INSURANCE COMPANY ("MEGA LIFE[1]") delayed in processing and paying the hospital and medical care bills she incurred before her death.  Among other things, MEGA LIFE has threatened to rescind the coverage altogether on the grounds that Kristen misrepresented her medical condition in the application for the policy - the application completed by the agent sued in this case, JACK LEE MORTENSEN ("MORTENSEN").  (See, Complaint, ¶¶ 9, 16, 17, 30.)  And, in fact, MEGA LIFE's own answer asserts, as its Ninth Affirmative Defense, that "persons and/or entities other than Defendants failed to and did not exercise ordinary care, caution or prudence in their dealing with Plaintiff," and are, therefore negligent for the injuries and damages alleged in this case.  (See Notice of Removal, Exhibit B, Answer to Plaintiff's Complaint of defendant MEGA LIFE, p. 3, ¶ 12.)

Despite the fact that the complaint adequately alleges a cause of action against MORTENSEN for negligently failing to obtain proper and adequate information on the application, and failing to adequately disclose material limitations or exclusions in the policy, and despite MEGA LIFE's own concession in its answer that parties other than it are responsible for the failure to pay the claims in this case, MEGA LIFE has removed this action to federal court on the grounds that the cause of action alleged against MORTENSEN

_____

[1]  Unless otherwise stated "MEGA" refers to both the insurer and its parent corporation sued herein as an alter ego, UICI.

is legally infirm and that he is, therefore, a "sham" defendant.  MEGA LIFE's legal argument, however, cannot withstand scrutiny since a valid cause of action has been alleged against MORTENSEN.  Since MORTENSEN is a California resident and since a valid cause of action has been alleged against him, this Court lacks jurisdiction in this case and it should be remanded to the Superior Court of the State of California.

**2.**

**MEGA LIFE HAS A HEAVY BURDEN TO SHOW THAT THE**

**INDIVIDUAL IS A "SHAM" DEFENDANT**

As stated in Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rutter 2001), ¶ 2:680:

> "The removing defendant has the heavy burden of alleging and proving the nondiverse party's joinder is a 'sham' or 'fraudulent.' [*Jernigan v. Ashland Oil Co.* (5th Cir. 1993) 989 F.2d 812, 815-816; *Boyer v. Snap-On Tools Corp.* (3rd Cir. 1990) 913 F.2d 108]

> "'The burden of proving a fraudulent joinder is a heavy one.  The removing party must prove that there *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.' [*Green v. Amerada Hess Corp.* (5th Cir. 1983) 707 F.2d 201, 205 (emphasis added)]"  (Italics in original.)

Schwarzer, Tashima go on to note that:

> "*In making this determination, the court resolves 'all disputed questions of fact and all ambiguities in the controlling state law **in favor of the non-removing party**.' [Dodson v. Spiliada Maritime Corp.* (5th Cir. 1992) 951 F.2d 40, 42-43 -

4

even 'tenuous proposition' under state law sufficient since its 'modicum of sturdiness' passed possibility of recovery test]

* * *

*"Fraudulent joinder is not shown simply because the action is likely to be dismissed against that defendant: 'We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so.' [Dodson v. Spiliada Maritime Corp., supra, 951 F.2d at 42-43; see also Coker v. Amoco Oil Co. (11th Cir. 1983) 709 F.2d 1433]"* (Schwarzer, Tashima, *supra*, sections 2:685-2:686; italics in original, bold added.)

MEGA LIFE cannot meet this standard in this case because, contrary to its assertions in its Notice of Removal, a cause of action can properly lie against an agent for the failure to provide coverage consistent with the insured's requests and, in particular in this case, the failure to obtain adequate and proper information in the application, thereby providing a basis for rescission of the policy and the loss of all coverage.

**3.**

**HAVING NEGLIGENTLY FAILED TO OBTAIN A FULL AND COMPLETE APPLICATION FROM KRISTEN, AND THEREBY PROVIDING A BASIS FOR THE INSURER'S RECISSION OF THE POLICY, A CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE CAN PROPERLY LIE AGAINST MORTENSEN**

MEGA LIFE asserts that no legally-viable cause of action can lie against MORTENSEN on two grounds: First, that a misrepresentation as to how future claims will be handled cannot be the basis for a claim and second, that a disclosed agent cannot be personally liable for damages resulting from the insurer's denial of the claim.  The problem is that neither of those legal

principles applies in the context of the facts alleged here.

**A.** **An agent who fails to adequately fill out an application, and who thereby provides the insurer with a basis for denial of a claim or rescission of a policy, is properly liable in negligence for the resulting damages because the agent has necessarily failed to provide a policy that complies with the insured's request**.

First, it is an issue of fact as to whether an insurance agent is the agent of the insured or the insurer. (*Skopp v. Weaver*, 16 Cal.3d 432 (1976).)  Indeed, an insurance agent may be both and a dual agency situation is not uncommon.  (*Kurtz, Richards, Wilson & Co., Inc. v. Insurance Communicators Marketing Corp.*, 12 Cal.App.4th 1249, 1257 (1993) ["Dual agencies are not uncommon and do not negate the agent's duty to the client."].)   Thus, the fact that MORTENSEN is an appointed agent of MEGA LIFE does not preclude a finding that he was also acting as the agent of Kristen Perry at the time the policy was being obtained.

Second, California law is clear that where there is a misrepresentation or material omission of information in an application for insurance, the insurer may rescind the policy on the basis of that misrepresentation or omission.  (*Thompson v. Occidental Life Ins. Co.*, 9 Cal.3d 904, 915-916 (1973).)

Finally, an agent who represents the insured and who, through the failure to exercise diligence about matters within the agent's professional purview, causes the insured to be unable to obtain the intended benefits of the policy, is liable for professional negligence.  (*Butcher v. Truck Insurance Exchange*, 77 Cal.App.4th 1442, 1461 (2000).)  As the *Butcher* court summarized California law on this issue:

> "An insurance agent has an 'obligation to use reasonable care, diligence, and judgment in procuring the insurance requested by an insured.' (*Jones v. Grewe* (1987) 189 Cal.App.3d 950, 954, 234 Cal.Rptr. 717.)   The law is well established in California that an agent's failure to deliver the agreed upon coverage may constitute actionable negligence and the proximate cause of an

injury.  (See *Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1120, 55 Cal.Rptr.2d 276;  *Clement v. Smith* (1993) 16 Cal.App.4th 39, 45, 19 Cal.Rptr.2d 676;  *Kurtz, Richards, Wilson & Co. v. Insurance Communicators Marketing Corp.*  (1993) 12 Cal.App.4th 1249, 1257, 16 Cal.Rptr.2d 259 (broker negligently represented that insured was not subject to Medicare provisions of federal statute);  *Free v. Republic Ins. Co.*  (1992) 8 Cal.App.4th 1726, 1730, 11 Cal.Rptr.2d 296 (negligent failure of agent to respond to homeowner's inquiry concerning adequacy of coverage limits to rebuild home); *Westrick v. State Farm Insurance* (1982) 137 Cal.App.3d 685, 692, 187 Cal.Rptr. 214;  *Jackson v. Aetna Life & Casualty Co.*  (1979) 93 Cal.App.3d 838, 840, 848, 155 Cal.Rptr. 905 (negligent failure of agent to add lessor as additional insured party);  *Greenfield v. Insurance Inc.*  (1971) 19 Cal.App.3d 803, 97 Cal.Rptr. 164 (negligent failure of agent to obtain the coverage requested by client);  *cf. Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 866, 245 Cal.Rptr. 211 (negligent failure of agent to include loss due to water backing up through drains or sewers in cover letter's listed exclusions).)

Obviously, if MORTENSEN's failure - as alleged in the complaint - to obtain the appropriate information on the application for the policy results in rescission of the policy, he necessarily failed to provide the coverage requested by Kristen.   Given that MEGA LIFE has not only threatened to rescind the policy on that grounds, but has asserted the negligence of others as the basis for the claims in this action (Ninth Affirmative Defense), that is a reasonable and legally-valid basis for including MORTENSEN as a defendant in this action.  Since a cause of action can appropriately be alleged against MORTENSEN, he is not a "sham" defendant.

**B.**     **The fact that MORTENSEN may also be a disclosed agent of the insurer does not relieve him of liability for his own torts as the agent of the insureds.**

In its Notice of Removal, MEGA LIFE relies on the district court decision in *Gasnik v.*

1  *State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Ca 1992) as a basis for claiming that where a

2  defendant is the disclosed agent of a principal, the agent cannot be held liable for the principal's

3  refusal to honor the contract.  *Gasnik,* however, should not be followed - not only because it does

4  not apply factually and is not binding authority but because its analysis is flawed and legally

5  insupportable under California law.

6        In *Gasnik*, the court concluded that because the agent was disclosed and ***because the***

7  ***insurer agreed to accept all responsibility for the agent's torts***, no cause of action could be

8  validly stated.  Obviously, no such agreement to accept liability for MORTENSEN's torts has

9  been made by MEGA LIFE in this case.  Indeed, as set forth in MEGA LIFE's Ninth Affirmative

10  Defense, MEGA LIFE contends that other persons or entities, presumably including

11  MORTENSEN, are at fault for plaintiff's damages.  Thus, *Gasnik* does not apply factually.

12        Second, *Gasnik* failed to properly apply the legal principles upon which its analysis was

13  based.  By relying the "disclosed principal" analysis articulated in *Lippert v. Bailey*, 241

14  Cal.App.2d 376 (1966), the *Gasnik* court improperly merged contract principles with tort

15  principles.  "Disclosure of the principal" is a legal concept applicable to an action in <u>contract</u>.

16  Where an agent <u>contracts</u> on behalf of a principal, the agent will not be bound on the contract so

17  long as the agent has disclosed that the agent is contracting on behalf of a principal.  (See 2

18  Witkin, <u>Cal.Summary</u>, 9th Ed., *Agency & Employment*, section 148, citing <u>Lippert</u>.)  However,

19  where the agent contracts without disclosing the principal, the agent will be personally liable on

20  the contract.  (2 Witkin, *supra*, section 146.)

21        There is simply no contract issue alleged against MORTENSEN in this case.   Indeed,

22  contrary to MEGA LIFE's statement in its Notice of Removal, MORTENSEN is not even

23  named as a defendant in the bad faith cause of action.  The cause of action for professional

24  negligence does not seek to bind MORTENSEN on the contract.  Rather, it seeks damages for

25  his failure to obtain, on behalf of plaintiff, the proper coverage from the insurer - by failing to

26  adequately and properly complete the application.  Accordingly, the "disclosed principal" issue

27  has no relevance to this action.

28

1    Finally, and most critically, *Lippert* itself acknowledged that where the agent is acting in

2  a "dual capacity," i.e., he is an agent for the insurer with authority to bind the insurer, while also

3  acting as the agent of the insured in procuring the requested insurance, he may be held liable in

4  negligence ***and the issue of whether the agent was acting in such a dual capacity is one for the***

5  ***trier of fact***:

6         "The appellants, cognizant of this established rule, argue that the defendants were

7         also their agents in procuring adequate insurance coverage for their property over

8         an extended period, and that they relied upon the defendants' skill and knowledge

9         in obtaining that coverage necessary to secure their respective interests against

10        loss.

11

12        "In the instant case ***the issue pertaining to the existence of a dual agency was a***

13        ***question to be determined by the trier of fact.*** (*Lippert, supra*, 50 Cal.Rptr. at

14        482; emphasis added.)

15

16    Thus, where it is alleged, as it is here, that the agent was acting both as the agent for the

17  insurer in binding the coverage and as the agent of the insured for procuring the proper coverage,

18  a negligence cause of action may lie against the agent, even if the principal is disclosed.

19    Indeed, applying *Lippert* in the manner suggested by the court in *Gasnik* defeats one of

20  the most basic legal concepts of controlling California law:  Every person is liable for their own

21  torts.  (Civil Code Section 2343(3).)  This is true even where the person is acting as an agent and

22  under the direction of a disclosed principal.  (*Ibid*.; 2 Witkin, Cal.Summary, 9th Ed., Agency and

23  Employment, Section 149, page 144.)  Thus, the *Gasnik* court goes too far in applying the

24  *Lippert* principle regarding "disclosure of an agent" to a tort claim for negligence in failing to

25  obtain a valid policy.

26    Since an agent - whether disclosed or not - is always responsible for their own torts,

27  MORTENSEN's alleged negligence in failing to properly filling out the application in this case

28  permits imposition of a cause of action in tort against him.

MO TO REMAND; MEMO OF P'S AND A'S                                    Case No. C02-01007 RS ARB

1    **C.    Since the predicate misconduct alleged against MORTENSEN is not based**

2    **on misrepresentations, but the failure to adequately and properly complete**

3    **the application, *Hadland* and *Hackenthal* do not apply.**

4        Relying on *Hackental v. National Casualty Co.*, 189 Cal.App.3d 1102, 1112 (1987) and

5    *Hadland v. NN Investors Life Ins. Co.*, 24 Cal.App.4th 1578, 1586 (1994), MEGA LIFE also

6    asserts that "any representations by Mortensen regarding what future claims might or might not

7    be covered under the Certificate of Insurance cannot give rise to an actionable claim for

8    negligence since the terms of Plaintiff's insurance contract are controlling." (Notice of Removal,

9    p. 5, lines 11-13.)

10        First, this argument clearly has no application to plaintiff's claim that MORTENSEN

11    breached his professional duties by failing to adequately complete the application, thereby

12    subjecting plaintiff to rescission of the contract and resulting in the failure to obtain the requested

13    coverage.

14        Second, the cases simply do not apply at all, even assuming the claims against

15    MORTENSEN are predicated on his negligent misconduct in failing to fully inform his clients

16    about the adequacy of the policy and the competency of the insurer.  As noted by the court in

17    *Butcher* in discussing the same arguments presented there, *Hackenthal* and *Hadland* deal with

18    the ***insurer's*** liability for ***fraud*** in failing to adequately disclose the policy's provisions.  As the

19    *Butcher* court noted, [n]one of the cases relied upon by respondents involve an insured being

20    misled by the negligence of an insurance agent." (*Butcher*, at 1463.)  Thus, none of the cases

21    relied on by MEGA LIFE stand for the proposition that ***MORTENSEN*** cannot be liable for his

22    own negligence, even where that negligence consists of his failure to adequately inform his own

23    clients about the adequacy of the policy or the competency of the insurer.

24    ///

25    ///

26    ///

27    ///

28    ///

MO TO REMAND; MEMO OF P'S AND A'S                                      Case No. C02-01007 RS ARB

**4.**

**CONCLUSION**

Since, under controlling California law there is at least a ***possibility*** that a cause of action can be alleged against MORTENSEN, MEGA LIFE has not met its burden of demonstrating that he is a sham defendant.  Given that, this Court does not have jurisdiction of this action and remand is required.

Dated: April 16, 2002                                  ROBINSON, CALCAGNIE & ROBINSON


                                                      By:_____
                                                            SHARON J. ARKIN
                                                            Attorneys for Plaintiff

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2.   MEGA LIFE HAS A HEAVY BURDEN TO SHOW THAT THE
     INDIVIDUAL IS A "SHAM" DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . 4

3.   HAVING NEGLIGENTLY FAILED TO OBTAIN A FULL AND
     COMPLETE APPLICATION FROM KRISTEN, AND THEREBY
     PROVIDING A BASIS FOR THE INSURER'S RECISSION OF
     THE POLICY, A CAUSE OF ACTION FOR PROFESSIONAL
     NEGLIGENCE CAN PROPERLY LIE AGAINST MORTENSEN . . . . . . . . 5

     A.   **An agent who fails to adequately fill out an**
          **application, and who thereby provides the insurer**
          **with a basis for denial of a claim or rescission of**
          **a policy, is properly liable in negligence for the**
          **resulting damages because the agent has necessarily**
          **failed to provide a policy that complies with the**
          **insured's request**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.   **The fact that MORTENSEN may also be a**
          **disclosed agent of the insurer does not relieve**
          **him of liability for his own torts as the agent**
          **of the insureds.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     C.   **Since the predicate misconduct alleged against**
          **MORTENSEN is not based on misrepresentations,**
          **but the failure to adequately and properly complete**
          **the application, *Hadland* and *Hackenthal* do not apply.** . . . . . . . 10

4.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1

## TABLE OF AUTHORITIES

2

3

### CASES

4

*Butcher v. Truck Insurance Exchange*,
77 Cal.App.4th 1442 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

5

*Gasnik v. State Farm Ins. Co.*,
825 F. Supp. 245 (E.D. Ca 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

6

7

*Hackental v. National Casualty Co.*,
189 Cal.App.3d 1102 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

8

*Hadland v. NN Investors Life Ins. Co.*,
24 Cal.App.4th 1578 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9

10

*Kurtz, Richards, Wilson & Co., Inc.*
*v. Insurance Communicators Marketing*

11

*Corp.*, 12 Cal.App.4th 1249 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12

*Lippert v. Bailey*,
241 Cal.App.2d 376 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

13

*Skopp v. Weaver*, 16 Cal.3d 432 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14

*Thompson v. Occidental Life Ins.*
*Co.*, 9 Cal.3d 904 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

16

17

### TREATISES

18

2 Witkin, Cal.Summary, 9th Ed.,
*Agency & Employment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

19

Schwarzer, Tashima & Wagstaffe, *California Practice*
*Guide: Federal Civil Procedure Before Trial* (Rutter 2001) . . . . . . . . . . . . . . . . . . . . 4, 5

20

21

22

23

24

25

26

27

28

ii

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA        )
                              )ss.
3   COUNTY OF ORANGE           )

4          I am employed in the County of Orange, State of California.  I am
    over the age of 18 and not a party to the within action; my business address
5   is 620 Newport Center Drive, 7th Floor, Newport Beach, CA 92660; (949)
    720-1288.

6
           On April 16, 2002, I served the  document described as:
7
           **NOTICE OF MOTION AND MOTION TO REMAND ACTION;**
8          **MEMORANDUM OF POINTS AND AUTHORITIES**

9   on the interested parties in this action by placing true copies thereof,
    enclosed in sealed envelopes to be delivered, addressed as follows:
10

11   MANATT, PHELPS & PHILLIPS          Joy Young Stephenson
     Geoffrey T. Tong                   Law Offices Stephenson, Acquisto &
12   Alex M. Weingarten                     Colman
     11355 West Olympic Boulevard       303 North Glenoaks Boulevard
13   Los Angeles, CA 90064              Suite 700
     (Phone: 310/312-4000               Burbank, CA 91502
14    Fax 310/312-4224)                 (Phone: 818/559-4477)

15    _X_   By Courier:  I caused the envelopes to be sent by Federal Express to the
             party(ies) as stated above.
16
      _X_   Electronically mailed to:
17
             Becky J. Belke          bbelke@manatt.com
18
             Margaret Levy           mlevy@manatt.com
19
             Mark L. Siegel          msiegel@sacfirmonline.com
20
           I declare that I am employed in the office of a member of the bar of
21   this court at whose direction the service was made.

22         Executed this 16th day of April, 2002, at Newport Beach, California.

23

24                                     _____
                                       Capazin Thornton
25

26

27

28

---

**MO TO REMAND; MEMO OF P'S AND A'S**                          **Case No. C02-01007 RS ARB**